IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRICK STEDMAN, | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-14-KAP |
| LEONARDO ODDO, Warden, | : |
| Moshannon Valley Processing Center, | : |
|     Respondent, | : |
| MERRICK GARLAND, ALEJANDRO | : |
| MAYORKAS, Nominal Respondents | : |

Memorandum Order

The Supreme Court held, in Zadvydas v. Davis, 533 U.S. 678, 689 (2001), that a foreign national subject to a removal order could not be held indefinitely when the foreign national "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." The archetypical cases considered in Zadvydas are where the receiving country will not take the petitioner back because the United States does not have diplomatic relations or a repatriation treaty with it, or because the receiving country denies that the person to be removed is their citizen. Zadvydas has resulted in an administrative process for evaluating the continued detention of persons when the execution of a final order of removal is delayed, *see* 8 C.F.R.§ 241.13 (setting out the procedural framework), as well as litigation over how much evidence constitutes a "significant likelihood" of a removal order not being carried out in a reasonably foreseeable period, which Zadvydas presumed was six months. The respondent does not seek dismissal on the basis of failure to exhaust administrative remedies.

Petitioner Merrick Stedman is a Jamaican national who has been subject to a final removal order since 1998 due to a conviction of an aggravated felony for which petitioner was imprisoned for approximately 30 years until his release to the custody of Immigration and Customs Enforcement. He has been detained at the Moshannon Valley Processing Center (in Clearfield County, in this district) under 8 U.S.C.§ 1231(a), since October 5, 2022. He filed his *pro se* petition for habeas corpus in January 2023, when he had been in ICE custody for three months, and has been filing amendments and supplements since then. Counsel appeared for petitioner when the respondent responded to the petition.

In Alexander v. Attorney General, 495 Fed.Appx. 274, 276–77 (3d Cir.2012), the Court of Appeals interpreted Zadvydas as holding that the longer the foreign national is detained, the less evidence must be provided to obtain relief. In petitioner's Amended Petition, ECF no. 16, Paragraphs 10-28, petitioner alleges that his removal has been delayed because the birth certificate acquired by ICE was fraudulent and the Jamaican

consulate officer who deals with repatriation, Ms. Davis, told petitioner "Jamaica would have to investigate the matter. Which may take an uncertain amount of time." *Id.* at Paragraph 28. It is not clear whether the second sentence is petitioner's comment or Ms. Davis's statement. I assume the second interpretation because it is more favorable to petitioner. The evidence submitted by the respondent at ECF no. 20, Response, Exhibit 1, Cromwell Declaration, indicates that the United States does have diplomatic relations and a repatriation treaty with Jamaica, that travel documents to remove Jamaican nationals are issued regularly, and that the dispute over the validity of petitioner's birth certificate has been investigated and is expected to be concluded by the end of this month.

Petitioner sets out additional evidence contending that he is a good candidate for release but his lone relevant allegation, that a consulate official told him the removal investigation would take "an uncertain amount of time," carries little to no weight, and triggers no duty on respondent to show removal is reasonably imminent. Ultimately, petitioner's removal may be affected by his recent counseled claim for asylum under the Convention Against Torture and for withholding of removal, *see* ECF no. 15 and ECF no. 17. But petitioner's argument in his motion to amend, ECF no. 15, that since his claim for asylum may take years to process and since years is more than six months he has with certainty shown removal is going to be delayed for the reasonably foreseeable future, is invalid. Petitioner cannot simply tack the time he expects will be spent on his asylum and withholding of removal claim onto his post-removal-period detention, because the period prescribed in <u>Zadvydas</u> assumes a foreign national who is attempting to comply with a final order of removal, not thwart it. *See* 8 U.S.C.§ 1231(a)(1)(C). *And see* 8 C.F.R.§ 241.13(d)(2). As the Middle District of Pennsylvania has written, "an alien who on his own causes his delay in removal by seeking and obtaining a stay of removal while he challenges his removal order ha[s] tolled the time period within which BICE can detain the alien." <u>Morena v. Gonzales</u>, 2005 WL 3307100 at *6 (M.D. Pa. Oct. 4, 2005), *report and recommendation adopted*, 2005 WL 3277995 (M.D. Pa. Dec. 2, 2005).

If petitioner has a future basis for pursuing a writ of habeas corpus, he may bring it in a new petition after exhaustion of administrative remedies. *See* <u>Royer v. Holder</u>, 2012 WL 6553114 (M.D. Fla. Dec. 14, 2012). This petition is denied. The Clerk shall mark this matter closed.

DATE: July 17, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record