IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRICK STEDMAN, | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-14-KAP |
| LEONARDO ODDO, Warden, | : |
|     Respondent, | : |

Memorandum Order

    Petitioner's *pro se* petition for a writ of habeas corpus was filed in January 2023 and supplemented and amended *pro se* through May 2023. The respondent's response was filed on June 21, 2023, and counsel appeared for petitioner the same day, but filed nothing else. I ruled on the petition on July 17, 2023. The next day counsel for petitioner called my courtroom deputy to say she had planned to file a traverse within the 30 day time permitted by the local rules, that is, by today, July 21, 2023. My courtroom deputy could not give advice of course but told counsel whatever she filed would get prompt attention.

    Petitioner has now filed not a traverse but a motion for extension of time to August 11, 2023 to file a traverse to the response. ECF no. 23. It is denied without prejudice. A judgment has been made, so a traverse is legally meaningless. I think a motion to reconsider or technically a motion to alter or amend judgment under Fed.R.Civ.P. 59 would be proper because Fed.R.Civ.P. 81(a)(4)(B) makes relevant Federal Rules of Civil Procedure applicable in habeas, and petitioner has 28 days from the entry of judgment to file a Rule 59 motion.

    So petitioner should file the traverse by Friday August 11, 2023, but title it a Motion to Alter or Amend Judgment. The bases for granting a Rule 59 motion are limited, but the scope of a traverse is equally limited, *see e.g.* Parker v. Smith, 858 F.Supp.2d 229, 233 n.2 (N.D.N.Y. 2012)(a traverse or reply is not the proper pleading to make new arguments or raise additional grounds for relief), and in any case if the traverse changes my mind, I'll vacate the judgment and enter a new one. If it does not I'll vacate and reinstate my judgment so that petitioner's appeal period will be preserved (which it should be anyway under Fed.R.App.P. 4(a)(4)(A)(v)). Effectively this grants the petitioner's extension but if petitioner does not file the traverse on time I caution counsel no further time will be granted and much of the appeal period will have run.

DATE:  July 21, 2023

                                                  Keith A. Pesto,
                                                  United States Magistrate Judge

Notice by ECF to counsel of record